UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| ARTHUR TRINIDAD OWENS, | ) | |
| | ) | |
| Movant, | ) | Case No. 4:06-cv-123 |
| | ) | |
| v. | ) | Honorable Paul D. Borman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

This is a proceeding brought by a federal prisoner to challenge his sentence pursuant to 28 U.S.C. § 2255.  Movant is serving a prison sentence of 215 months, imposed on September 18, 2006, by Honorable Paul D. Borman, Visiting Judge, after movant entered a guilty plea to conspiracy to distribute 50 grams or more of crack cocaine, a quantity of cocaine, and less than 50 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 846; possession of a firearm by a felon, 18 U.S.C. § 922(g)(1); and conspiracy to possess firearms in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(o). Movant did not appeal.

On October 11, 2006, movant filed a motion to amend his sentence pursuant to 28 U.S.C. § 2255, asserting error in computation of the guideline score.  In an accompanying brief, movant also alleged that the sentence violated a promise by the prosecutor concerning sentencing if he pleaded guilty.  Judge Borman has referred this matter to me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2255 Proceedings in the District Courts. After review of the record, I conclude that movant's challenge to his sentence is barred both by

movant's waiver of his right to bring a collateral attack and by the doctrine of procedural default. I therefore recommend that movant's section 2255 motion be denied. Movant has also filed belated motions (docket #'s 7, 8) seeking leave to amend his section 2255 motion to include four claims of ineffective assistance of counsel. Upon review, I find that all of the proposed amendments are patently meritless. I recommend that the motions to amend be denied because the proposed amendments are futile.

## **Proposed Findings of Fact**

This prosecution began with the filing of an indictment charging movant and others with drug and firearm offenses. The indictment (docket # 1)[1] charged movant in count 1 with conspiracy to distribute over 50 grams of cocaine base, 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). After movant appeared on these charges, the grand jury returned a superseding indictment (docket # 44) and a second superseding indictment (docket # 112). The second superseding indictment named movant in five counts: count 1, conspiracy to distribute 50 grams or more of cocaine base, a quantity of cocaine, and less than 50 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 846; count 9, conspiracy to sell firearms to prohibited persons, 18 U.S.C. §§ 371, 922(g); count 11, possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); count 14, conspiracy to possess firearms in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(o); and count 15, possession of a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c).

---

[1] All citations herein are to the record in the criminal case, *United States v. Arthur Trinidad Owens*, case no. 1:05-cr-254.

Counsel for movant was engaged in plea negotiations on movant's behalf.  On February 3, 2006, the Assistant United States Attorney sent defense counsel a letter which included a proposed plea agreement.  The prosecutor projected that if movant went to trial and lost, he could face imprisonment for 24 to 30 years.  That risk could be increased to 29 to 35 years if the government filed a supplemental information alleging the existence of movant's previous drug felony conviction pursuant to 21 U.S.C. § 851(a).  In the cover letter, the government offered not to file the supplemental information and to dismiss the § 924(c) count (punishable by a mandatory minimum 5 years in prison, to be served consecutively) in exchange for a plea to other charges.  The Assistant United States Attorney opined that the plea agreement would "significantly reduce defendant's exposure from 29 to 35 years to 17-1/2 to 22 years in prison."  After new defense counsel appeared, the government sent a second letter offering a plea agreement, again predicting that acceptance of the agreement would reduce movant's exposure to 17-1/2 to 22 years in prison. (*See* Govt. Brief, docket # 261, and letters attached thereto).

On March 8, 2006, the parties filed a plea agreement, pursuant to which movant agreed to enter a plea of guilty to counts 1, 11 and 14 of the second superseding indictment, in exchange for promises made by the government.  In addition to setting forth the elements of these offenses and the penalties applicable thereto, the plea agreement (docket # 182) contained the following provisions pertinent to the motion now before the court:

- The United States agreed to move to dismiss counts 9 and 15 of the second superseding indictment at the time of sentencing.  (¶ 6A).

- The U.S. Attorney's Office agreed not to oppose a reduction in movant's offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, and

-3-

further agreed to move for an additional one-level reduction on account of movant's entry of a timely plea of guilty.  (¶ 6B).

- The U.S. Attorney agreed not to bring additional criminal charges (with certain exceptions) and agreed not to file a supplemental information seeking to enhance movant's sentence on count 1 pursuant to 21 U.S.C. § 851(a). (¶¶ 6C, 6D).

- The U.S. Attorney's Office agreed not to rely on information provided in movant's proffer, pursuant to U.S.S.G. § 1B1.8.  (¶ 6E).

- Movant confirmed his understanding that the sentencing guidelines, although not mandatory, influenced the sentence in his case and that "disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea."  (¶ 7).

- The parties stipulated that U.S.S.G. § 2D1.1(b)(1) applies, because movant was in possession of firearms in connection with the drug conspiracy. Beyond that, the parties each reserved the right to argue in favor of or against additional specific offense characteristics, adjustments, and departures. (¶ 8).

- Defendant waived the right to appeal a sentence that was within the applicable guideline range as determined by the court at the time of sentencing or the manner in which the sentence was determined "on any ground whatsoever."  Defendant reserved the right to appeal "on grounds, preserved at sentencing, that the court incorrectly determined the Guideline range."  Defendant also waived the right to challenge his sentence and the

-4-

manner in which it was determined "in any collateral attack, including but not limited to, a motion brought under Title 28 United States Code § 2255," except for a post-conviction attack based on ineffective assistance of counsel or newly discovered evidence. (¶ 10).

•   The written plea agreement incorporated the complete understanding between the parties, and "no other promises have been made." (¶ 14).

•   Directly above movant's signature, a legend appeared certifying that movant had carefully read the agreement and discussed every part of it with his attorney. The legend continued as follows: "No promises or inducements have been made to me other than those contained in this Agreement." (Plea Agreement, p. 11).

Movant and counsel appeared before Judge Borman on May 8, 2006, to enter a plea of guilty pursuant to the plea agreement. (*See* Plea Transcript (PT), docket # 6, Ex. 2). Judge Borman conducted the usual Rule 11 plea colloquy to ascertain the knowing and voluntary nature of the plea and the factual basis underlying it. During the course of the plea colloquy, the court and counsel placed on the record the principal provisions of the plea agreement, including movant's agreement to waive his right to appeal sentences within the guideline range, except on grounds preserved at sentencing. (PT 15-17). At the end of the plea colloquy, the court found that the plea was knowingly, freely and voluntarily made, and accepted the plea. (PT 19).

An initial presentence investigation report (PSIR) was disclosed to counsel on May 26, 2006. This report held defendant responsible for 4,512.09 kilograms of marijuana equivalent, rendering an offense level of 34. Two levels were added for weapons, and three were subtracted for

acceptance of responsibility, for a total offense level 33.  Movant's criminal history category was IV, rendering a guideline range of 188-to-235 months.  Both parties lodged objections with the probation officer to the initial report.  Movant objected to the drug quantity, arguing for a one-level reduction on this basis.  The Assistant United States Attorney also objected to drug quantity, advocating that movant should be held responsible for 5271.09 kilograms of marijuana equivalent.  The government also argued for a four-level enhancement for movant's role as a leader or organizer, pursuant to U.S.S.G. § 3B1.1(a).  In the government's estimation, the total offense level should have been 37 which, when coupled to the criminal history category IV, rendered a guideline range of 292-to-365 months.  On the basis of these objections, the presentence writer increased the base offense level to 36 (a two-level increase) and enhanced the guideline range by three levels for movant's leadership role in the offense.  These findings were set forth in an amended PSIR, bearing revised date September 1, 2006, which calculated the total offense level at 38 and the guideline range at 324-to-405 months (27-to-34 years).

Defense counsel filed a motion for specific performance of the prosecutor's promises (docket # 258).  In the memorandum filed in support of the motion (docket # 257), movant argued that the 17-1/2-to-22-year prediction made by the assistant prosecutor in the cover letter to the plea agreement was binding and formed part of the plea negotiations.  Counsel argued that the government's later argument in favor of a guideline range exceeding 30 years was made in bad faith and constituted a breach of this promise.  Although the plea agreement itself expressly contained no agreement concerning sentence, movant's motion requested that the court enforce the alleged promise of a sentence in the range of 17-1/2 to 22 years.

The parties appeared before the court on September 18, 2006, for sentencing. (*See* Sentencing Transcript (ST), docket # 6, Ex. C). At the outset of proceedings, the court attempted to sort out the objections to the revised PSIR and the issues raised in movant's motion for specific performance. (ST 3-6). During a sidebar conference devoted to that subject, counsel informed the court of an agreement, pursuant to which the government would withdraw its request for a four-level leadership role enhancement, defendant would withdraw his motion and his objection to the drug quantity as well as his objection to the three-point enhancement for his leadership role, and the government would then move for a downward departure pursuant to U.S.S.G. § 5K1.1. Defense counsel explained that this compromise would allow the court, in its discretion, to impose a sentence that fell "right in that 17-1/2 to 22 range" contemplated by the motion for specific performance. (ST 9). The court expressed displeasure with the government's apparent change in position concerning drug quantity. (ST 11-12). One of the Assistant United States Attorneys reiterated that the compromise proposed by the parties, pursuant to which all objections would be withdrawn and the government would move for a downward departure, would allow the court to sentence movant to the 17-1/2-to-22-year range that defendant contemplated at the time he entered his guilty plea. (ST 12-13).

The court then took a short recess, to allow counsel to confer further. Proceedings then continued in chambers, on the record. (ST 14). During this conference, counsel demonstrated to the court how a four-level downward departure pursuant to U.S.S.G. 5K1.1 would allow the court to reduce the sentence from that calculated in the amended PSIR to the 17-1/2-to-22-year range requested by movant. (ST 15-16). Defense counsel remarked that this would be "the simplest way" and that "the government won't appeal and we won't appeal." (ST 16). When proceedings

reconvened in court, defense counsel withdrew movant's objections to quantity and leadership and agreed that the total offense level was level 38 and that the criminal history category should be IV. (ST 18).  The Assistant United States Attorney withdrew the government's objections, pursuant to the compromise reached by the parties.  (ST 18-19).  The Assistant United States Attorney then immediately moved for a two-level downward departure pursuant to U.S.S.G. 5K1.1.  (ST 19). Defense counsel requested an additional two-level reduction, on the basis of movant's cooperation with the government.  (ST 20-22).  Counsel stated that this departure of an additional two levels would yield a total offense level of 34 and a guideline range of 210-to-262 months.  Counsel requested a sentence in that range.  (ST 22).

After hearing from the Assistant United States Attorney, the court made findings concerning movant's cooperation, determining that a downward departure of four levels was warranted, as requested by defense counsel.  (ST 25-26).  The court therefore decided that the appropriate guideline range was 210-to-262 months.  (ST 26).  The court then heard allocution, during which defense counsel asked for a sentence at the low end of the guideline range.  (ST 26). After hearing from defendant and the government, the court imposed a sentence of 215 months on each of the three counts of conviction, all terms to be served concurrently.  (ST 31).  This sentence was almost at the bottom of the guideline range advocated to the court by defense counsel.  At the end of the sentencing hearing, the court again noted the existence of an appeal waiver in this case. (ST 33).

Movant did not appeal.  On October 11, 2006, movant filed the present proceeding under 28 U.S.C. § 2255 to correct his sentence, expressly noting that he did not wish to withdraw his guilty plea.  The motion requested a reduction of his sentence to the "151-to-188 month score

that was promised to me." (Motion, docket # 1, at 7). Movant bases this assertion on the argument that his total offense level should have been 31. (Brief, docket # 2, at 2). Movant arrives at this calculation by arguing that the appropriate total offense level should be a 32, rather than level 36, and that no adjustment for leadership role should be added. (*Id.* at 18). Nowhere in his papers does movant ever allege the source of any promise that he would receive a sentence of 151 months.

<u>**Discussion**</u>

Movant seeks relief pursuant to 28 U.S.C. § 2255. This statute authorizes post-conviction relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; and (4) the sentence is "otherwise subject to collateral attack." Despite the apparent breadth of this language, the Supreme Court has held that not "every asserted error of law can be raised on a section 2255 motion." *Davis v. United States*, 417 U.S. 333, 346 (1974). Under *Davis*, the appropriate inquiry is whether the claimed error "is a fundamental defect which inherently results in a complete miscarriage of justice" and whether the case presents "exceptional circumstances where the need for the writ of habeas corpus is apparent." *Id*; *see Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). Movant cannot prevail on his section 2255 motion, on two independent grounds.

**1.**

The plea agreement contained an unequivocal waiver of movant's right to seek section 2255 relief:

> The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence).

(Plea Agreement, docket # 182, ¶ 10).  The Sixth Circuit has repeatedly held that such waivers, if knowing and voluntary, are enforceable.  *See, e.g., Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006); *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001).  In his moving papers, movant does not advance any reason why this express waiver does not bar the present section 2255 motion, which alleges neither ineffective assistance of counsel nor newly discovered evidence. Instead, movant ignores this provision of the plea agreement altogether, although he selectively quotes other, irrelevant, provisions of the same document.

Movant has waived his right to pursue the challenges raised in his section 2255 motion.

## 2.

Even ignoring the waiver, the section 2255 motion is barred by the doctrine of procedural default.  A section 2255 motion, regardless of the grounds asserted, does not serve as a substitute for bringing a direct appeal.  *See Reed v. Farley*, 512 U.S. 339, 354 (1994).  Thus, the failure by a defendant to object to his sentence at the time of the sentencing hearing or to raise the issue on appeal generally results in abandonment of the right to assert the issue in a section 2255 motion.  *See United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984).  Before a federal prisoner may obtain collateral review of sentencing issues not previously raised on direct appeal, he must first show cause to excuse his failure to do so and actual prejudice resulting from the alleged violations.

*United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). To show cause, defendant must point to "some objective factor external to the defense" that prohibited him from raising the sentencing errors on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, defendant must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170. Upon review of the record, I conclude that movant cannot show either cause or prejudice.

Movant's first obligation is to show good cause sufficient to excuse his failure to raise sentencing issues on direct appeal. Movant has not and cannot meet this burden, because his failure to appeal was the consequence of his knowing and voluntary waiver of that right in the plea agreement. In the plea agreement, movant waived his right to appeal a sentence that fell within the guideline range "on any ground whatsoever." (Plea Agreement, ¶ 10). As noted above, the court found the guideline range to be 210-to-262 months. (ST 26). The sentence was 215 months, which was well within the guideline range. The only exception to this waiver was for sentencing issues properly preserved at the sentencing hearing. This exception could not possibly apply in this case, because movant withdrew all objections, requesting that the court adopt the guideline range of 210-to-262 months. (ST 22). Movant did not preserve any ground for appeal at the time of sentencing. In these circumstances, where a criminal defendant's failure to appeal is based upon his knowing and voluntary abandonment of the right to appeal, he cannot possibly show cause. A defendant's knowing and voluntary waiver of his right to appeal normally is valid and will preclude review of an issue on appeal. *See United States v. Fleming*, 239 F.3d 761, 764-65 (6th Cir. 2001); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *see also United States v. Hicks*, 134 F. App'x 902, 903-04 (6th Cir. 2005).

-11-

Moreover, movant cannot show prejudice arising from the alleged sentencing errors, as both his challenge to the guideline calculation and his assertion of a breach of the plea agreement are without merit.  While movant makes it clear that he believes his offense level should be 31, he alleges no basis for believing that the court erred in accepting a total offense level of 38, as requested by both the government and defense counsel:

> MR. PHELAN:   Your Honor if it please the Court, we withdraw our objections to quantity, leadership, and agree that the Total Offense Level is level 38, criminal history IV.

(ST 18).  Even assuming, however, that plaintiff could establish some error in calculating drug quantity or the appropriate guideline range, such nonconstitutional error simply does not rise to the level of a "fundamental defect which inherently results in a complete miscarriage of justice."  *See Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996).  In *Grant*, the Sixth Circuit squarely held that nonconstitutional sentencing error not raised at trial or on direct appeal is waived for collateral review "except where the errors amount to something akin to a denial of due process."  72 F.3d at 506.  The error must be "in a context that is so positively outrageous" as to indicate a complete miscarriage of justice equivalent to a due-process violation.  *Id.*  The *Grant* court held that a mere error in calculating relevant conduct under the sentencing guidelines "falls far short of indicating a denial of due process."  (*Id.*).  The Sixth Circuit has thereafter adhered to the concept that allegations of error in calculating the guidelines not raised on direct appeal are simply unreviewable on section 2255 motion.  *See, e.g., Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).  Under *Grant* and its progeny, movant cannot show prejudice, because the guideline errors alleged are not reviewable in this proceeding.

-12-

Likewise, movant's assertion of a breach of the plea agreement is unsustainable on the present record.  As a threshold matter, it is doubtful that movant could ever prove an enforceable agreement by the government to limit the sentence to 17-1/2-to-22 years.  The written plea agreement affirmatively states that the parties have not come to any agreement on sentencing and contains an integration clause (¶ 14) negating agreements or promises not contained therein.  At the plea hearing itself, no mention was made of a purported agreement by the government to limit the sentence in any way.  Consequently, movant is asserting the existence of a secret "side agreement," arising from a prediction in a cover letter, which was not reflected in the written plea agreement or communicated to the court at the time of the guilty plea hearing.  The Sixth Circuit has repeatedly held that a defendant's claim of a secret agreement, not reflected in the plea agreement or at a carefully conducted guilty plea hearing, is subject to summary dismissal and cannot form the basis for section 2255 relief.  *See, e.g., United States v. Todaro*, 982 F.2d 1025, 1026-29 (6th Cir. 1993); *Warner v. United States*, 975 F.2d 1207, 1210-11 (6th Cir. 1992); *Baker v. United States*, 781 F.2d 85, 90-92 (6th Cir. 1986); *see also United States v. Hunt*, 205 F.3d 931, 935 (6th Cir. 2000) (integration clause in plea agreement generally bars assertion of oral promise not contained in agreement).  Under these authorities, movant is now estopped from asserting the existence of a secret sentencing agreement.  Even if the court were to find that the predictions contained in the government's cover letter somehow formed an unstated term of the plea agreement, movant cannot show a breach.  The government's prediction was that movant would be exposed to a sentence of 17-1/2-to-22 years.  The actual sentence in this case was 215 months, just under 18 years.  If there was a bargain, movant received precisely what he bargained for.

-13-

**3.**

Movant has requested leave to amend his section 2255 motion to include four claims:

(1)     Ineffective assistance of counsel at sentencing in counsel's withdrawal of objections as to quantity and leadership (docket # 7 at 3);

(2)     Ineffective assistance of counsel at sentencing in counsel's failure to "properly investigate the matters that extended to the basis of the upward departure given to the petitioner at sentencing" (docket # 8 at 3);

(3)     Ineffective assistance of counsel in the investigation "with respect to the petitioner's on-going substantial assistance, family background, multi[p]le and excessive health issues" (docket # 8 at 3); and

(4)     Ineffective assistance of counsel in counsel's failure to incorporate a "*Booker* issue" at sentencing.  (docket # 8 at 4).

Motions to amend a habeas petition are governed by the Rules of Civil Procedure. 28 U.S.C. § 2242.  Leave to amend is to be freely granted by the court when justice so requires.  *See* FED. R. CIV. P. 15(a); *see also Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (§ 2255 case).  "However, the court should deny the motion[s] if the proposed amendment[s] [are] brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Piner v. United States*, No. 97-1304, 1999 WL 454708, at * 1 (6th Cir. June 21, 1999). To establish ineffective assistance of counsel, Owens must prove (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

The Government has filed a response to the motion to amend, asserting that the requested amendment should be deemed a second or successive application for relief, for which permission is necessary from the Court of Appeals.  28 U.S.C. § 2255 (¶ 8).  The Government cites

-14-

no authority for the proposition that a new claim injected into a pending section 2255 case constitutes a second or successive application for relief within the meaning of AEDPA.  The Government's position reflects a fundamental misunderstanding of the concept of a second or successive application.  An application is second or successive only if the first application was adjudicated on the merits.  *See Slack v. Daniel*, 529 U.S. 473, 485-88 (2000); *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) ("Rather, a § 2255 petition will not be considered second or successive unless a prior § 2255 petition was adjudicated on the merits."); *Rodriguez v. United States*, 286 F.3d 972 (7th Cir. 2002) ("The AEDPA allows a prisoner a full opportunity to seek collateral review, which means that '[a] prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a pleading before judgment.'") (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999); *accord United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006).  In the present case, the claims in the original section 2255 motion remain pending, and no adjudication on the merits has occurred.  There is no "second or successive" motion until there has been a decision on the first motion.  It would therefore be error to treat the proposed amendment as second or successive.  Rather, as a motion to amend a pending and unresolved application, movant's request to amend is governed by Fed. R. Civ. P. 15.  *See Mayle v. Felix*, 125 S. Ct. 2562, 2569-2570 (2005).

Owens's proposed amendments are not second or successive, but they are futile.  The sentencing transcript conclusively undermines all of the proposed claims of ineffective assistance of counsel.  The objections as to quantity and leadership were withdrawn as part of the agreement that the government would withdraw its request for a 4-level enhancement based on Owens's leadership role, and would move for an additional 2-level reduction based on his cooperation.  (ST

8, 18-19).  Owens did not receive any "upward departure," in fact, Owens  received a total of a four-level reduction based on defense counsel's argument that an additional reduction was appropriate given Owens's assistance to law enforcement and his health issues.  (ST 20-22, 26).  Finally, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005) on January 12, 2005.   Movant was sentenced on September 18, 2006, more than 20 months after the *Booker* decision.  The sentencing judge and the parties were well aware that after *Booker* the sentencing guidelines were advisory.  Judge Borman found that none of the 18 U.S.C. § 3553(a) factors removed movant's sentence from the 210-to-262 month range.  (ST 31).  Judge Borman sentenced Owens near the bottom of the sentencing guidelines range at 215 months. (*Id.*).

## Recommended Disposition

For the foregoing reasons, I recommend that the motion under 28 U.S.C. § 2255 be denied.  I further recommend that movant's motion to amend his section 2255 motion to include four claims of ineffective assistance of counsel (docket #'s 7, 8) be denied.

Dated:  February 1, 2007                    /s/  Joseph G. Scoville
                                            United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-16-