UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——

| | | |
|---|---|---|
| ARTHUR TRINIDAD OWENS, | ) | |
| | ) | |
| Movant, | ) | Case No. 4:06-cv-123 |
| | ) | |
| v. | ) | Honorable Paul D. Borman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This is a proceeding brought by a federal prisoner pursuant to 28 U.S.C. § 2255. Movant is serving a prison sentence of 215 months, imposed by this court on September 18, 2006, after movant entered a plea of guilty to drug and firearms charges.  By judgment entered April 4, 2007, this court denied the motion for section 2255 relief, on the basis of a report and recommendation filed by the magistrate judge, to which movant had not made any objection.  The court also denied movant's request to amend his petition to add claims of ineffective assistance of counsel on the grounds of futility, finding that these claims were refuted by the record in this case. Movant has now filed a request for a certificate of appealability, which he asks the court to accept as "a timely filed notice of appeal."

Under amendments enacted effective April 24, 1996, a convicted federal defendant may not appeal in a section 2255 case unless a circuit justice or judge issues a certificate of appealability (formerly known as a certificate of probable cause). 28 U.S.C. § 2253(c)(1).  Amended

Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability as well.  FED. R. APP. P. 22(b).  *See Castro v. United States*, 310 F.3d 900, 902-03 (6th Cir. 2002); *see also Frazier v. Huffman*, 343 F.3d 780, 788-89 (6th Cir. 2003).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Lyons*, 105 F.3d at 1073.  The Supreme Court has interpreted this standard as requiring a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, the court determines that a certificate of appealability should not be issued.  As noted above, movant failed to lodge objections to the report and recommendation of the magistrate judge within the ten-day period prescribed by Fed. R. Civ. P. 72(b).  Nevertheless, this court waited over two months to adopt the report and recommendation and enter judgment, to give movant a fair chance as a *pro se* litigant to file his objections.  The report and recommendation (docket # 11, p. 16) clearly notified the parties of their obligation to file objections within ten days of service and warned that a "failure to file timely objections may constitute a waiver of any further right of appeal."  In these circumstances, movant's failure to respond to the report and recommendation forfeited any further right of appellate review.  *See United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).  Even ignoring this forfeiture, the court concludes that movant's grounds for section 2255 relief lack sufficient merit to justify the issuance of a certificate of appealability.  As noted in the report and recommendation, movant's substantive claims are barred by procedural default, as well as the provisions of the plea agreement,

under which movant voluntarily relinquished the right to appeal.  His claims of ineffective assistance

of counsel are refuted by the record.  Therefore, even ignoring movant's default, the court concludes

that reasonable jurists could not differ concerning the appropriate disposition of the section 2255

motion.  *See Miller-El v. Lockrell*, 537 U.S. 322, 336 (2003).

Regarding movant's request that his application for a certificate of appealability be

deemed a notice of appeal, this court can take no definitive action.  The decision whether a party has

filed a proper notice of appeal is within the exclusive jurisdiction of the Court of Appeals.  Rule 3(c)

of the Federal Rules of Appellate Procedure dictates the required contents of the notice of appeal.

If movant has any doubts about the adequacy of his notice of appeal, he still has time to cure any

defect, as the time for appeal remains open for sixty days after the entry of judgment.  FED. R. APP.

P. 4(a)(1)(B).  Accordingly:

**IT IS ORDERED** that the motion for a certificate of appealability (docket # 14) be

and hereby is **DENIED**.


Dated:  July 2, 2007                                  s/Paul D. Borman
                                                      Paul D. Borman
                                                      United States District Judge